A.J. Kung, Esq.
Nevada Bar No. 7052
Brandy Brown, Esq.
Nevada Bar No. 9987
**KUNG & BROWN**
1020 Garces Ave.
Las Vegas, Nevada 89101
(702) 382-0883 Telephone
(702) 382-2720 Facsimile
E-Mail: ajkung@ajkunglaw.com
         bbrown@ajkunglaw.com
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>CHARM HOSPITALITY, LLC<br><br>Debtor. | Case No.: 20-50880-btb<br><br>Chapter: 11<br><br>PLAN CONFIRMATION HEARING<br><br>Date of Hearing: April 28, 2021<br>Time of Hearing: 2:00 p.m. |

### DEBTOR'S PLAN OF REORGANIZATION

Charm Hospitality, LLC, the above-captioned debtor and debtor-in-possession ("Debtor"), by and through his counsel of record, the law firm of Kung & Brown, hereby submits this Plan of Reorganization.

### TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ 1

I.   INTRODUCTION. ............................................................................................................. 3

II.  DEFINITIONS .................................................................................................................... 3

III. CLAIMS AND INTERESTS ............................................................................................. 6

| | | | |
|---|---|---|---|
| | A. | CLASSIFICATION OF CLAIMS. | 6 |
| | B. | TREATMENT OF CLAIMS AND INTERESTS. | 7 |
| | | 1. Class 1 (West Town Bank & Trust Secured Claim (This Class is impaired): | 7 |
| | | 2. Class 2 (Maluk Dhami) (This Class is impaired): | 7 |
| | | 3. Class 3 (Unsecured Claims) (This Class is impaired): | 8 |
| | | 4. Class 4 (Membership Interests): | 8 |
| | C. | TREATMENT OF UNCLASSIFIED CLAIMS. | 8 |
| | | 1. Administrative claims. | 8 |
| | | 2. Fees to the United States Trustee. | 8 |
| | | 3. Priority Claims. | 9 |
| | | 4. Disputed Claims. | 9 |
| IV. | EXECUTORY CONTRACTS AND UNEXPIRED LEASES. | | 9 |
| V. | MEANS OF IMPLEMENTING AND FUNDING THE PLAN. | | 9 |
| | A. | CONTRIBUTION FROM MEMBERS. | 9 |
| | B. | PREFERENCE PAYMENTS/TRANSFERS. | 9 |
| | C. | SALE OR REFINANCE OF PROPERTY. | 10 |
| | D. | DISPUTED CLAIMS. | 10 |
| | E. | REVESTING OF ASSETS IN THE DEBTOR. | 10 |
| | F. | DISBURSING AGENT. | 10 |
| | G. | REQUEST FOR APPLICATION OF 11 U.S.C. §1129(B) | 10 |
| VI. | POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR. | | 11 |
| VII. | POST-CONFIRMATION MANAGEMENT OF THE DEBTOR. | | 11 |
| VIII. | POST-CONFIRMATION DEFAULT | | 11 |
| IX. | TAX CONSEQUENCES OF THE PLAN. | | 12 |
| X. | INJUNCTION. | | 12 |
| XI. | EXCULPATION. | | 12 |
| XII. | MISCELLANEOUS PROVISIONS. | | 13 |
| XIII. | RETENTION OF JURISDICTION. | | 14 |

KUNG & BROWN
1020 Garces Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-0883 / Fax: (702) 382-2720

**XIV. MODIFICATION OF PLAN.**.................................................................................. 16

## I. INTRODUCTION.

Debtor, Charm Hospitality, LLC (hereinafter "Debtor"), filed its petition for relief under Chapter 11 of the Bankruptcy Code on September 15, 2020, The Plan of Reorganization (the "Plan") is a proposal to creditors to resolve the debts owed on the date of the filing of the petition.

The Plan must receive creditor approval and the Court must find that it meets the requirements of the law in order to be confirmed. If this Plan is not confirmed, then the Court may allow:

(A)  The case to be dismissed;

(B)  The Debtor and others to draft another plan; or

(C)  The case to be converted to a Chapter 7 proceeding, with the assets of the Debtor being sold in liquidation and the proceeds distributed in accordance with the Bankruptcy Code.

Creditors are reminded that the Debtor has prepared and filed a Amended Disclosure Statement that provides information about the Debtor and its past operations.

## II. DEFINITIONS

Whenever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter. Any capitalized term not defined herein that is defined in the Bankruptcy Code shall have the meaning ascribed to it in the Bankruptcy Code. Unless the context requires otherwise, the following words and phrases shall have the meanings set forth below when used in this Plan:

(A) ***"Administrative Claim."*** Claim arising during the administration of Debtor's Chapter 11 case entitled to priority under Section 507(a)(1) of the Bankruptcy Code.

(B) ***"Allowed Claim."*** This term will refer to and mean every claim, including administrative claims, secured claims, priority claims and unsecured claims: (i) as to which a proof of claim has been filed with the Court within the time fixed by the Court or, if such claim arises from the Debtor's rejection of an unexpired lease or other executor contract, within thirty (30) days after the Effective Date of the Plan, or (ii) which is scheduled as of the Confirmation Date of the Plan in the schedules filed by the Debtor or amended by the Debtor as of said date, and is liquidated in amount and undisputed; and in either of the above events, as to which no objection to allowance of such claim or request for subordination thereof has been filed within any applicable time period fixed by the Court or as to which an order allowing such claim and establishing its priority has become final and non-appealable, or (iii) with respect to administrative claims, as to which an application has been approved by order of the Bankruptcy Court.

(C) ***"Bankruptcy Case."*** This term shall mean the pending Chapter 11 case entitled In re: Charm Hospitality, LLC, Case No.: 20-50880-btb.

(D) ***"Bankruptcy Code."*** This term means the Bankruptcy Code of 1978, as codified in Title 11 of the United States Bankruptcy Code by Public Law 95-598, including all amendments thereof and thereto.

(E) ***"Bankruptcy Court."*** This term means the United States Bankruptcy Court for the District of Nevada, Reno, or such other court as has jurisdiction of these Chapter 11 cases.

(F) ***"Claim."*** This term means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach

of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

(G) *"Code" or the "Bankruptcy Code."* This term means Title 11, United States Code.

(H) *"Confirmation Date."* This term refers to and shall mean the date on which the Court enters its Order confirming Debtor's Plan of Reorganization, or any subsequently amended plan of reorganization.

(I) *"Confirmation Hearing."* This term shall mean the hearing or hearing in which the Bankruptcy Court considers confirmation of the Plan.

(J) *"Debtor."* The term Debtor means Charm Hospitality,LLC, the Chapter 11 Debtor in Case No.: 20-50880-btb.

(K) *"Amended Disclosure Statement."* Amended Disclosure Statement Means the Debtor's Amended Disclosure Statement filed by the Debtor, and as approved by the Bankruptcy Court.

(L) *"Effective Date."* This term shall mean the date which is the first day of the month at least thirty (30) days following the Confirmation Date.

(M) *"Petition Filing Date."* This term shall refer to September 15, 2020, the date on which Debtor filed its voluntary petition commencing the above-captioned Chapter 11 case.

(N) *"Plan."* This term shall refer to Debtor's Plan of Reorganization, together with any amendments or modifications thereto as may hereafter be filed by the Debtor.

(O) *"Post Confirmation."* This term shall mean the period of time after the Confirmation Date.

(P) *"Priority Claim."* This term shall mean any claim entitled to priority.

(Q) **"*Property.*"** This term shall mean the hotel locatd at 3019 Idaho Street, Elko, NV 89801.

(R) **"*Reorganized Debtor.*"** This term means Charm Hospitality, LLC, following the Confirmation Date.

(S) **"*Secured Claim.*"** This term means a Claim secured by either a deed of trust upon the Property, or a security interest in personal property owned or used by the Debtor.

(T) **"*Unsecured Claim.*"** This shall mean a Claim that is not secured by a pledge of or security interest in any of the Debtor's property.

### III.    CLAIMS AND INTERESTS

#### A.    CLASSIFICATION OF CLAIMS.

Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims and Interests. The Plan designates four (4) classes of claims. Those classes take into account the differing nature and priority of the various classified claims under the Bankruptcy Code.

The following table briefly summarized the classification and treatment of all Claims under the Plan and the consideration distributable on account of such Claims under the Plan. The information set forth in the following table is for convenience of reference only, and each holder of a Claim should refer to the Plan for a full understanding of the classification and treatment of Claims provided for under the Plan. Claims will receive designated treatment within a Class only to the extent Allowed within that class. The Claim allowance procedure is an ongoing process and the actual amount of the Allowed Claims may vary from the estimates.

| CLASS | CLAIMS | SUMMARY OF TREATMENT |
|---|---|---|
| Class 1 | Secured Claim Secured by Real Property (West Town Bank & Trust) | *See*, Section B.1 below. West Town Bank & Trust has made an §1111(b) election, it will be paid the full Allowed Claim via monthly periodic payments amortized over a period of 30 years with no interest |
| Class 2 | Secured Claim Secured by Personal Property/Vehicle (Maluk Dhami ) | *See*, Section B.2 below. Debtor will pay the Allowed Secured Claim over two years with interest accruing on the principal balance at the rate of 4% annually. The unsecured portion of Secured Creditor's claim shall be deemed a general unsecured claim (Class 3). |
| Class 3 | General Unsecured Claims | *See*, Section B.3 Below. Unsecured Claims shall receive five percent (5%) of their allowed Claim to be remitted over 5 years in quarterly payment commencing 6 months after the Effective Date (to allow for minor renovation to complete). |
| Class 4 | Membership Interests | Receives no distribution until Classes 1 through 3 are paid in full.  *See*, Section B.4 below |

**B.     TREATMENT OF CLAIMS AND INTERESTS.**

Each creditor class shall be treated as follows:

**1.     CLASS 1 (WEST TOWN BANK & TRUST SECURED CLAIM (THIS CLASS IS IMPAIRED):**

The West Town Bank & Trust Secured Claim shall be treated under the Plan as followsWest Town Bank & Trust has made an §1111(b) election, it will be paid the full Allowed Claim via monthly periodic payments amortized over a period of 30 years with no interest.

**2.     CLASS 2 (Maluk Dhami) (THIS CLASS IS IMPAIRED):**

The Maluk Dhami Claim is for a secured title loan in the sum of $20,000 secured by the 2009 Ford Econoline.  This claim shall be crammed down to a Secured Claim of $9,000.00. Debtor will remit payment of the Allowed Secured Claim over a period of 2 years at four percent

(4%) annual interest. The balance of Maluk Dhami's Allowed Unsecured Claim Amount shall be deemed to be a general unsecured claim.

3. **Class 3 (Unsecured Claims) (THIS CLASS IS IMPAIRED):**

Unsecured Claims shall receive five percent (5%) of their allowed Claim to be remitted over 5 years in quarterly payment commencing 6 months after the Effective Date (to allow for minor renovation to complete).

4. **Class 4 (Membership Interests):**

The members shall retain their membership interests in the Reorganized Debtor and shall receive no distribution until Classes 1 through 3 are paid in full.

C. **TREATMENT OF UNCLASSIFIED CLAIMS.**

1. **Administrative claims.**

Claims arising during the administration of the Debtor's Chapter 11 case and entitled to priority under Section 507(a)(1) of the Bankruptcy Code are not classified under the Plan. Holders of such claims shall be paid in full on the latter of the Effective Date, or fifteen (15) days after entry of an order creating an Allowed Administrative Claim, unless holders of an Allowed Administrative Claim agree to alternative treatment. Allowed Administrative Claims may be paid by the members of the Debtor.

2. **Fees to the United States Trustee.**

All fees required to be paid to the United States trustee will be paid in full upon the Effective Date of the Debtor's Plan, and shall remain current until the case is fully administered, closed, converted or dismissed, whichever occurs first. Such fees may be paid by cash contributions by the member of the Debtor.

**3.     Priority Claims.**

Allowed Priority Claims shall be paid in full within 30 days of the Effective Date.

**4.     Disputed Claims.**

All payments hereunder to creditors whose claims are not liquidated or are disputed shall be paid into a segregated trust account until such claims are an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be disallowed.

## IV.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

Debtor has rejected the executory contracts with, Galaxy Management Company, Universal Hospitality, LLC, and Yesco. It will assume the contract with Otis Elevator.

## V.    MEANS OF IMPLEMENTING AND FUNDING THE PLAN.

### A.    CONTRIBUTION FROM MEMBERS.

The Debtor's member shall contribute $75,000.00 in new value. This amount is the amount needed for the refinance. This amount will be put in escrow to be remitted to the Lender who is refinancing. If Lender takes the 1111(b) election this money shall go toward renovations to the Property.

### B.    PREFERENCE PAYMENTS/TRANSFERS.

Debtor is in the process of collecting $79,500 in preference payments and $82,500 in transfers totaling $162,000.00. $65,000 of preference payments were remitted on, or about March 8, 2021. These amounts will first go to pay administrative expenses, priority debts, and then unsecured claims, any remaining amounts shall be used to pay plan payments required hereunder. Preference amounts shall be remitted prior to confirmation and any avoided amounts collected, and preference amounts remitted, shall be deposited into Debtor's counsel's IOLTA

*Kung & Brown*
*1020 Garces Ave.*
*Las Vegas, Nevada 89101*
*Tel: (702) 382-0883 / Fax: (702) 382-2720*

Trust Account or a segregated trust account.

C. **SALE OR REFINANCE OF PROPERTY.**

The Debtor is in the process of refinancing the Property. The refinance will allow for the payment of West Town Bank & Trust and fund the required renovations. The new Lender will take a first Deed of Trust on the Property and a security interest in all personal property with a UCC-1. The refinance will allow for a construction budget for the Property to be converted to a Marriott International ("Marriott").

D. **DISPUTED CLAIMS.**

All sums contemplated to be paid under the Plan to creditors whose claims are not liquidated or are disputed shall be paid into a segregated trust account until such claims are an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be disallowed.

E. **REVESTING OF ASSETS IN THE DEBTOR.**

Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested in the Debtor, pursuant to 11 U.S.C. Debtor, pursuant to 11 U.S.C §1141(c), which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

F. **DISBURSING AGENT.**

The Debtor will serve as disbursing agent and shall make all payments required under the Plan. The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

G. **REQUEST FOR APPLICATION OF 11 U.S.C. §1129(B)**

The Debtor, as Plan proponent, will request the Court to find that the provisions for

dissenting classes provide for fair and equitable treatment of said creditors, and to confirm its Plan notwithstanding the requirements of §1129(a)(8) as to such classes.

### VI. POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR.

Following Plan confirmation, the Debtor believes that its post-confirmation financial condition shall be greatly improved as the hotel conversion should increase revenue and allow the Property to be profitable.

### VII. POST-CONFIRMATION MANAGEMENT OF THE DEBTOR.

The Debtor shall be managed post-confirmation by Larry Williams.  Mr. Williams has approximately over 30 years of hotel management experience.

### VIII. POST-CONFIRMATION DEFAULT

In the event the Debtor becomes delinquent in duty or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

Brandy Brown, Esq.
Kung & Brown
1020 Garces Ave.
Las Vegas, Nevada 89101
(702) 382-0883
(702) 382-2720 Fax
bbrown@ajkunglaw.com

The Debtor shall thereafter have fifteen (15) business days from receipt of said notice in which to cure the default.  In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court.  At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time.  The Bankruptcy Court may also consider

conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

## IX. TAX CONSEQUENCES OF THE PLAN.

The Debtor believes that there are no federal income tax consequences peculiar to its Plan. EACH HOLDER OF A CLAIM IS STRONGLY URGED TO CONSULT WITH HIS/HER TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES TO HIM/HER OF THE PLAN.

## X. INJUNCTION.

From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold or may hold a Claim are permanently enjoined from taking any of the following actions on account of any such claims: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, or its Property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any lien (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or the Reorganized Debtor, or their respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor, or their respective property; or (v) commencing or continuing any action, in any manner or any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

## XI. EXCULPATION.

From the Petition Date through the Effective Date, the Debtor and its officers, directors,

attorneys, agents and employees shall not have any liability to the Debtor or any other claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or omission in connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting confirmation of the Plan, confirmation of the Plan, and the administration of the estate, the Plan or the property to be distributed under the Plan, except for gross negligence or willful misconduct, and in all respects, such persons will be entitled to rely on the advice of counsel with respect to their duties and responsibilities with respect to the Chapter 11 Case and Plan.

## XII.   MISCELLANEOUS PROVISIONS.

(A)   Upon confirmation of the Plan, all property of the estate shall revest in the Debtor, which shall retain such property free and clear of all claims and interest of creditors, except as set forth in the Plan.

(B)   The Reorganized Debtor will serve as disbursing agent and shall disburse all property to be distributed under the Plan, and may employ or contract with other entities to assist in or to perform such distributions.  Such services may be performed without the necessity of posting a bond.

(C)   Confirmation of the Plan constitutes a discharge pursuant to 11 U.S.C. § 1141 of any and all liabilities of the Debtor which are discharged pursuant to the provisions of the Bankruptcy Code.

(D)   Any creditor who failed to file a proof of claim on or before any Court imposed claims bar date, shall be barred from participating in any distribution under the Plan, and the Debtor shall have no further liability for such claim.

(E)   Following the Effective Date, the Debtor may continue to employ counsel for necessary legal services.  Counsel may be paid from the Debtor without further order of the

Court.

(F)   The estate shall be deemed to be fully administered upon the commencing of distributions to the Class 1 creditor.

(G)   In the event that any impaired Class is determined to have rejected this Plan in accordance with Section 1126 of the Bankruptcy Code to satisfy the requirements for confirmation of this Plan.  The Debtor reserves the right to modify this Plan to the extent, if any, that confirmation pursuant to Section 1129(b) of the Bankruptcy Code requires modification.

## XIII.   RETENTION OF JURISDICTION.

The Bankruptcy Court shall retain jurisdiction for the following specific purposes:

(A)   For the purpose specified in § 1142 of the Bankruptcy Code;

(B)   The consideration of claims and such objections as may be filed to the claims of creditors pursuant to § 502 of the Bankruptcy Code, and to file and prosecute any counterclaims against such creditors;

(C)   The fixing of compensation for the parties entitled thereto;

(D)   To hear and determine the amount of all encumbrances of the recovery of any preferences, transfers, assets or damages to which the Debtor's estate may be entitled under applicable provisions of the Bankruptcy Code or other federal, state, or local law;

(E)   To reinstate the automatic stay pending a determination of the amount owed on any secured claim;

(F)   To hear and decide all causes of action now held by the Debtor, or disclosed in the Plan or Amended Disclosure Statement;

(G)   To hear and decide all adversary proceedings or contested matters currently pending in the Bankruptcy Court, or which may be filed prior to or after plan confirmation;

(H) To resolve any disputes regarding interpretation of the Plan;

(I) To implement the provisions of the Plan, including all provisions in the Plan which specify the retention of jurisdiction, and to make such further orders as will aid in consummation of the Plan, including the sale of any property after Plan confirmation;

(J) To adjudicate controversies regarding property of the Debtor's estate and regarding ownership thereof, including adjudication of causes of action which constitute property of the estate;

(K) To modify this Plan in accordance with § 1127 of the Bankruptcy Code;

(L) To enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreement or documents created in connection with this Plan, the Amended Disclosure Statement, or the Confirmation Order; and

(M) Enter a final decree and order closing the case.

/ / /

/ / /

/ / /

## XIV. MODIFICATION OF PLAN.

The Debtor may modify the Plan with regard to the treatment of any creditor class, in connection with any agreement or settlement with such creditor class or in order to comply with requirements of the Code as established by the Court, provided such modification does not materially adversely affect any other class of creditors. Such modifications may be made at the Confirmation Hearing and may be reflected in the order confirming the Plan of Reorganization. Any other modification of the Plan shall be in accordance with § 1127 of the Code.

DATED this 17th day of March, 2021.

KUNG & BROWN

By: /s/ Brandy Brown
BRANDY BROWN, ESQ.
*Attorney for Debtor*

DATED this 17th day of March, 2021.

CHARM HOSPITALITY, LLC

By: /s/ Larry Williams
LARRY WILLIAMS
*Corporate Representative*